Mohamed Limam Ould Ahmed
**SLEYMANE, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–2833–ag.

United States Court of Appeals,
Second Circuit.

June 11, 2007.

H. Raymond Fasano, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Keith L. McManus, Attorney, Office of Immigration Litigation, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. WALKER, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Mohamed Limam Ould Ahmed Sleymane, a citizen of Mauritania, seeks review of a May 31, 2006 order of the BIA affirming immigration judge ("IJ") Noel Brennan's December 22, 2004 decision denying Sleymane's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Limam Ould Ahmed Sleymane,* No. A95 406 626 (B.I.A. May 31, 2006), *aff'g* No. A95 406 626 (Immig. Ct. N.Y. City Dec. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews *de novo* the IJ's findings concerning the legal sufficiency of the evidence, as they present questions regarding the application of law to fact. *Edimo–Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d

Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Sleymane does not challenge the IJ's adverse credibility determination in his brief to this Court. Because the petitioner has failed sufficiently to argue the agency's adverse credibility determination before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

Instead, he contends only that the BIA's citation of and reliance on *In re S–V–,* 22 I & N Dec. 1306 (BIA 2000) (holding that an applicant for CAT relief must demonstrate that government officials are "willfully accepting of the tortuous activities of a third party") in analyzing his CAT claim is a legal error warranting remand. This argument is unavailing.

Sleymane correctly asserts that in *Khouzam v. Ashcroft,* 361 F.3d 161, 171 (2d Cir.2004), this Court rejected the standard set out in *In re S–V–* and held that an alien must show only that "government officials know of or remain willfully blind to an act [of torture] and thereafter breach their legal duty to prevent it." However, it does not appear that the BIA relied on the *In re S–V–* standard or required Sleymane to show willful government acceptance of acts of torture. First, the BIA determined that the IJ's denial of relief based on an adverse credibility determination was not clearly erroneous. In analyzing Sleymane's CAT claim, the IJ applied the correct legal standard, finding that he failed to credibly demonstrate that "it is more likely than not that he will be subject to torture in Mauritania by, at the insti-

gation of, which the acquiescence of, or though the willful blindness of a public official or one acting in an official capacity." *See* 8 C.F.R. § 1208.18(a)(1). In holding that the IJ's adverse credibility determination precluded Sleymane from meeting his burden of proof for CAT relief, the BIA also first cited to the correct standard, 8 C.F.R. § 1208.18(a)(1), which states that to constitute torture, severe pain or suffering must be inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." The BIA's secondary citation to *In re S–V–,* although possibly erroneous, was thus harmless error. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107–08 (2d Cir.2006) (holding that remand is futile where the agency's determination is also supported by sufficient non-erroneous findings such that we can confidently predict that those non-erroneous findings would lead the agency to reach the same decision were the case remanded). Accordingly, because the BIA applied the correct legal standard, and the only evidence of a threat to Sleymane's life or freedom depended on his credibility, the agency's denial of relief was appropriate. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005) (holding that adverse credibility determination precludes success on CAT claim, where CAT claim is premised on same facts found not credible).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).